**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

PATAGONIA, INC.,

        Plaintiff,

        v.

JEFF HUNT and MARIE DILADD d/b/a
CLIMB4HUNGER,

        Defendants.

JURY TRIAL DEMANDED

---

## COMPLAINT

---

Plaintiff Patagonia, Inc. ("Patagonia"), for its Complaint against Defendants Jeff Hunt

and Marie Diladd, d/b/a Climb4Hunger ("Defendants"), alleges as follow:

### I.      JURISDICTION AND VENUE

1.      This is an action for trademark infringement and unfair competition in violation of

the laws of the United States and the State of Colorado.  Specifically, Patagonia alleges

trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a) and the common law of

the State of Colorado, and unfair competition in violation of the common law of the State of

Colorado and the Colorado Consumer Protection Act.

2.      This Court had subject matter jurisdiction over the claims in this Complaint

pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3.      This Court has supplemental jurisdiction over the claims in this Complaint that

arise under the statutory and common law of the State of Colorado pursuant to 28 U.S.C. § 1367,

because the state law claims are so related to the federal claims that they form part of the same case or controversy, and they are derived from a common nucleus of operative facts.

4.      This Court has personal jurisdiction over Defendants as they are purposefully availing themselves of the privilege of doing business in this district.  Patagonia is informed and believes that Defendants are operating a fundraising business and soliciting donations from a commercial van bearing spurious reproductions of Patagonia's trademarks (as well as a website and Twitter account) from multiple locations, including in Salida, Colorado, and Buena Vista, Colorado.  Defendants have traded and continue to trade on a false association with Patagonia to induce individuals in this district to contribute money to their "Climb4Hunger" operation.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, Patagonia is informed and believes, Defendants transact business in this district and a substantial part of the events giving rise to the claims asserted arose in this district..

## II.      THE PARTIES

6.      Patagonia is a California Corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been designing, developing, and marketing clothing for more than forty years.  Today, Patagonia and the PATAGONIA® brand are famous around the world for innovative designs, quality products, and environmental and corporate responsibility.

7.      Upon information and belief, Defendants are individuals doing business in Colorado – including in Salida, Colorado 81201, and Buena Vista, Colorado 81211 – as "Climb4Hunger," and that Defendants seek monetary donations under that name and Patagonia's name and trademark, targeting those in outdoor recreation communities as potential donors.

### III.    PATAGONIA'S TRADEMARKS AND BUSINESS

**The History of Patagonia**

8.      Yvon Chouinard started Patagonia in the late 1960's to design and sell climbing clothes and other active sportswear.  He adopted "PATAGONIA" to differentiate the business from another family business that designed and manufactured climbing gear and tools. Patagonia was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos and condors.  Since at least 1973, the PATAGONIA® brand has appeared on a label inspired by a silhouette of the jagged peaks of Mt. Fitz Roy skyline framed by a stormy sky.

9.      In the more than forty years since Patagonia's business started, PATAGONIA® has become one of the most identifiable brands in the world.  Its products sold under the PATAGONIA® brand now include a range of active sportswear, including products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world.  It also sells PATAGONIA® gear and backpacks, food products and provisions and outfits babies and toddlers as well as teens and adults.

10.      Over the years, Patagonia has earned accolades for every aspect of its business. Its products have won numerous awards for their technical merit, including most recently, Outside Magazine's Gear of the Year in 2014 and 2015; the National Geographic Adventure Blog "Gear of the Year" award in 2010, 2013 and 2014 and the Editor's Choice and Top Pick awards from OutdoorGearLab.  In 2015, Yvon Chouinard, Patagonia's founder, was inducted into the American Marketing Association Marketing Hall of Fame.

11.      Patagonia also has won numerous awards and certifications for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of

organically grown cotton and has continued that use for nearly twenty years. It was a founding member of the Fair Labor Association, which is an independent multi-stakeholder verification and training organization that audits apparel factories. Additionally, since 1985 Patagonia has pledged 1% of sales to grassroots environmental groups to preserve and restore our natural environment, donating more than $46 million. In 2002, Patagonia's founder Yvon Chouinard, along with others, created a non-profit called 1% For the Planet to encourage other businesses to do the same. Today, more than 1,200 member companies have donated more than $100 million to more than 3,300 nonprofits through 1% For the Planet. In 2012, Patagonia became one of California's first B Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.

**The PATAGONIA Trademark**

12. Patagonia owns numerous registrations for and including the PATAGONIA trademark for a wide ranging assortment of products. Among these are the following U.S. trademark registrations for its PATAGONIA trademark:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402/ February 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear. | 08/1974 |
| | 1294523/ September 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | 1775623/ June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334/ December 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| **PATAGONIA** | 2260188/ July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA.COM** | 2392685/ October 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| **PATAGONIA** | 2662619/ December 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |

These registrations and applications for the PATAGONIA mark are in full force and effect.  The

Registrations have become incontestable under 15 U.S.C. § 1065. Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademark."

13. The PATAGONIA trademark is registered in ninety countries, it is distinctive, arbitrary and fanciful, and is entitled to the broadest scope of protection.

14. For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademark is used. PATAGONIA® brand products are advertised in print and on the Internet. In addition to advertising by Patagonia, the PATAGONIA trademark is also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademark in a variety of shopping and post-sale contexts.

15. Patagonia has sold its PATAGONIA® brand products all over the world, including throughout the United States and in California. Through its promotion and investment in its brand and extensive sales, publicity, awards and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademark. The PATAGONIA trademark is famous within the meaning of the Trademark Dilution Revision Act, enjoys strong consumer recognition, and is recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

## IV.    DEFENDANTS' INFRINGEMENT OF PATAGONIA'S RIGHTS

16. Patagonia is informed and believes that Defendants have operated and continue to operate a fundraising business under the name "Climb4Hunger" from a Mercedes-Benz Sprinter commercial van. Patagonia is informed and believes that Defendants have traded and

continue to trade on the PATAGONIA trademark in an effort to create a false association with Patagonia and to deceive potential customers or donors into believing that Patagonia endorses or has a relationship with Defendants and their Climb4Hunger scheme.  Among Defendants' misrepresentations and infringing and deceptive uses of the PATAGONIA trademark, Patagonia is informed and believes that Defendants have affixed large reproductions of the PATAGONIA trademark to the commercial van referenced above.  Patagonia has not authorized any of Defendants' conduct described herein.  Photographs of those spurious and unauthorized  reproductions follow:





17.    Defendants are also using the PATAGONIA trademark in web content related to the Climb4Hunger scheme in an effort to create a false association with Patagonia, deceive consumers, and cloak their donation requests as legitimate.  An example of Defendants' infringing use of the PATAGONIA trademark at their Twitter account (which also identifies their location as "Colorado, USA") follows:



18. Patagonia is further informed and believes that, among Defendants' other business locations, Defendants have operated their Climb4Hunger scheme in Salida, Colorado and Buena Vista, Colorado.

19. Given Defendants unlawful conduct aimed at deceiving consumers and potential donors, along with the fly-by-night nature of their business and the likelihood that they would relocate rather than cease their infringing and deceitful conduct, Patagonia turns to the Court and files this Complaint for relief.

20. Defendants' conduct have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, they will continue and/or expand their illegal activities and otherwise continue to

cause irreparable damage and injury to Patagonia by, among other things:

a.  Depriving Patagonia of its statutory rights to use and control use of its trademark;

b.  Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source or endorsement of Defendants' Climb4Hunger business and scheme;

c.  Causing the public falsely to associate Patagonia with Defendants and/or its services and products, or vice versa;

d.  Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademark to differentiate its products from those of its competitors; and

e.  Causing Patagonia to lose sales of its genuine PATAGONIA products.

21.  Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendants and all persons acting in concert with them.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)

22.  The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

23.  The PATAGONIA trademark as used by Defendants in connection with the offering, advertising, promotion, and/or provision of Defendants' goods or services, including its use in connection with fundraising services, is a counterfeit reproduction or colorable imitation of Patagonia's mark.

24.  Defendants' continued use of the PATAGONIA trademark is likely to cause

confusion, or mistake, or to deceive consumers and prospective consumers as to the origin, sponsorship, association, or approval of the goods and services provided by Defendants, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Defendants are connected or otherwise associated with Patagonia.

25.    These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deceptions, and are in violation of 15 U.S.C. § 1114.

26.    The conduct complained of herein has been without authorization or consent of Patagonia and has damaged, is damaging, and is likely to continue to damage Patagonia.

27.    The conduct complained of herein constitute a violation of 15 U.S.C. § 1114, and has caused and is causing irreparable harm and damage to Patagonia for which there is no adequate remedy at law.  Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to cease all use of the PATAGONIA mark, including in connection with their Climb4Hunger fundraising business.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and False Representation Under 15 U.S.C. § 1125(a))

28.    The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

29.    Defendant's use of the PATAGONIA trademark in connection with the offering, advertising, promoting, and provision of Defendants' products or services, including in connection with their Climb4Hunger fundraising business, is likely to cause confusion, or mistake, to deceive relevant consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods and services provided by Defendants, or to cause confusion

or mistake or to deceive relevant consumers and prospective consumers that Defendants are connected or otherwise associated with Patagonia.

30.     The conduct complained of herein has been without authorization or consent of Patagonia and has damaged, is damaging, and is likely to continue to damage Patagonia.

31.     The conduct complained of herein constitute a violation of 15 U.S.C. § 1125(a), and has caused and is causing irreparable harm and damage to Patagonia for which there is no adequate remedy at law.

32.     The conduct complained of herein constitute a violation of 15 U.S.C. § 1114, and has caused and is causing irreparable harm and damage to Patagonia for which there is no adequate remedy at law.  Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to cease all use of the PATAGONIA mark, including in connection with their Climb4Hunger fundraising business.

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

33.     The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

34.     The PATAGONIA trademark, as used by Defendants in connection with the offering, advertising, promotion, and/or provision of Defendant's products or services, including in connection with their Climb4Hunger fundraising business, is a counterfeit reproduction or colorable imitation of the PATAGONIA trademark.

35.     Such use by Defendants is likely to cause confusion, mistake, and/or deception of relevant consumers and prospective consumers.

36.    The conduct complained of herein has been without authorization or consent of Patagonia and has damaged, is damaging, and is likely to continue to damage Patagonia.

37.    The conduct complained of herein has caused and is causing irreparable harm and damage to Patagonia for which there is no adequate remedy at law.

38.    On information and belief, the aforesaid conduct was undertaken willfully by Defendants with full knowledge of Patagonia's rights to the PATAGONIA trademark and with the intention of causing confusion, mistake or deception.

### FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

39.    The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

40.    On information and belief, Defendants have advertised, promoted, and offered services in the State of Colorado under a counterfeit reproduction of the PATAGONIA trademark, including in connection with fundraising services, with full knowledge of Patagonia's prior use of and rights in the PATAGONIA trademark for closely-related services.

41.    Defendants have unfairly competed with Patagonia by creating the impression among relevant consumers that the goods or services offered by Defendants are endorsed by, licensed by, sponsored by, originated with, and/or are otherwise affiliated with Patagonia, or that the source of the services offered by Defendants are affiliated with or associated with Patagonia, when Defendants have no connection with or authorization from Patagonia.

42.    Defendants have misappropriated Patagonia's valuable goodwill and public recognition of the PATAGONIA trademark, which has been developed over a long period of

time by Patagonia, and Defendants have unlawfully benefited from such activities.

43. Continued use by Defendants of the PATAGONIA mark in connection with any goods or services, including in connection with fundraising services, constitutes unfair competition under the common law of the State of Colorado.

44. This use has injured the business reputation of Patagonia and will cause irreparable harm, damage, and injury to Patagonia unless restrained and enjoined by the Court.

## FIFTH CLAIM FOR RELIEF

### (Colorado Consumer Protection Act)

45. The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

46. Defendants' activities herein constitute unfair competition and unfair or deceptive acts and practices in the conduct of its trade and business in violation of C.R.S. § 6-1-101, *et seq.*

47. On information and belief, Defendants' wrongful and deceptive activities have a significant impact upon the public as actual or potential consumers.

48. On information and belief, Defendants' wrongful and deceptive activities have caused, and, unless enjoined by the Court, will continue to cause irreparable injury and other damage to Patagonia's business, reputation, and goodwill for which Patagonia has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Patagonia, Inc. prays for an order from this Court:

A. Adjudge that Patagonia's trademark has been infringed by Defendants in violation of Patagonia's rights under 15 U.S.C. § 1114;

B.    Adjudge that Defendants have competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

C.    Adjudge that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, and joint ventures and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

1.    Any further infringement of Patagonia's trademarks, including the PATAGONIA trademark, and trade name rights;

2.    Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their services or products with Patagonia or as to the origin of Defendants' services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising related to the PATAGONIA trademark, including any use of the PATAGONIA trademark in connection with the Climb4Hunger fundraising business;

3.    Further infringing the rights of Patagonia in and to its PATAGONIA trademark, or otherwise damaging Patagonia's goodwill or business reputation;

4.    Unfairly competing with Patagonia; and

5.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

D.      Directing Defendants to remove any reproductions of the PATAGONIA

trademark from any products, advertisements, promotional materials, marketing materials, and

any other assets or materials connected with Defendants' Climb4Hunger fundraising business,

including but not limited to Defendants' commercial van and any other related vehicles as well

as Defendants' web content (including Defendants' Twitter account "@Climb4Hunger"), within

thirty (30) days of entry of final judgment herein, any and all infringing materials, including but

not limited to educational, marketing, advertising, and promotional materials used by Defendants

which display the PATAGONIA mark;

E.      Adjudge that Defendants, within thirty (30) days after service of the Court's

judgment be required to file with this Court and serve upon Patagonia's counsel a written report

under oath setting forth in detail the manner in which it has complied with the judgment;

F.      Adjudge that Patagonia recover its damages resulting from the use of the

PATAGONIA trademark;

G.      Adjudge that Patagonia recover its costs in this action;

H.      Adjudge that Patagonia be awarded its attorney fees, costs, and disbursements

incurred in this action based on Defendants' willful, intentional and bad faith conduct; and

I.      Adjudge that all such other relief be awarded to Patagonia as this Court deems

just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Patagonia demands a trial by

jury on all issues triable of right by a jury.

DATED:  November 19, 2015          Respectfully submitted,

                                   KILPATRICK TOWNSEND & STOCKTON LLP


                                   By:   *s/ Kathryn L. Bohmann*
                                         Kathryn L. Bohmann
                                         1400 Wewatta St., Ste. 600
                                         Denver, CO 80202
                                         Tele: (303) 571-4000
                                         Fax: (303) 571-4321
                                         kbohmann@kilpatricktownsend.com

                                         Attorneys for Plaintiff PATAGONIA, INC.


67945380V.1

- 17 -