**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-02545-REB-STV

PATAGONIA, INC.,

    Plaintiff,

v.

JEFF HUNT, d/b/a/ Climb4Hunger,
MARIE DILADD, d/b/a Climb4Hunger,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before the court is the **Recommendation of United States Magistrate Judge** [#21],[1] filed November 2, 2016.  No objection having been filed, the court reviews the recommendation for plain error only.  *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no such error in the magistrate judge's recommended disposition, the court approves and adopts the recommendation.

As more thoroughly set forth in the recommendation, this case asserts claims, *inter alia*, under the Lanham Act, which affords subject matter jurisdiction over this action.  28 U.S.C. §§ 1331 & 1338, 15 U.S.C. § 1121.  Plaintiff duly served defendants in accordance with Fed. R. Civ. P. 4(h)(1).  (*See* **Affidavit of Service** [#12-3 & 12-4],

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

filed February 4, 2015.)  Personal jurisdiction and venue are proper in this district.  Defendants failed to answer or otherwise respond within the time permitted by law.  The clerk of the court entered default against defendants pursuant to Fed. R. Civ. P. 55(a) on February 5, 2015 [#13].  Plaintiff therefore is entitled to default judgment against defendants pursuant to Fed. R. Civ. P. 55(b).

In failing to respond or otherwise appear, defendants have admitted the factual allegations of the complaint other than those relating to damages.  See **FED. R. CIV. P**. 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, **Federal Practice and Procedure** § 2688 at 58-59 (3rd ed. 1998).  The magistrate judge has described how these allegations establish plaintiff's claims against defendants for trademark infringement and unfair competition under both federal statutory and Colorado common law.  (**Recommendation** at 4-5.)  The court concurs with the magistrate judge's assessment that the admitted allegations establish plaintiff's entitlement to an injunction prohibiting defendants' continued use of plaintiff's protected mark.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#21, filed November 2, 2016, is approved and adopted as an order of this court;

---

[2] The court further concurs with – and no objection has been lodged to contest – the magistrate judge's conclusions that (a) the allegations of the complaint are insufficient to establish plaintiff's claim under the Colorado Consumer Protection Act; and (b) this case does not fall within the ambit of the exceptional case provisions of the Lanham Act which would entitle plaintiff to an award of attorney fees.

2. That the **Plaintiff's Motion for Entry of Default Judgment Against Defendants Jeff Hunt and Marie Diladd d/b/a Climb4Hunger** [#18], filed March 28, 2016, is granted in part and denied in part as follows:

    a. That the motion is granted as to plaintiff's claims for federal and common law trademark infringement and unfair competition, entitling plaintiff to the entry of a judgment of default and an injunction as to those claims; and

    b. That in all other respects, the motion is denied;

3. That default judgment shall enter on behalf of plaintiff, Patagonia, Inc., and against defendants, Jeff Hunt and Marie Diladd d/b/a Climb4Hunber, as to plaintiff's claims for federal and common law trademark infringement ;

4. That defendants, Jeff Hunt and Marie Diladd d/b/a Climb4Hunger, as well as their agents, servants, employees, attorneys, successors, assigns, affiliates, joint ventures, and all other persons who are in active concert or participation with them, and/or any person or persons acting for, with, by, through, or under them are permanently enjoined and restrained from

    a. Further infringement of plaintiff's trademarks, including the PATAGONIA trademark, and trade name rights;

    b. Use of any word, term, name, phrase, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of defendants or their services or products with Patagonia or as to the origin of defendants' services, or any

      false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising related to the PATAGONIA trademark, including any use of the PATAGONIA trademark in connection with the Climb4Hunger fundraising business;

      c. Further infringement of plaintiff's rights in and to its PATAGONIA trademark, or otherwise damaging plaintiff's goodwill or business reputation; and

      d. Unfair competition with plaintiff; and

5. That plaintiff is awarded its costs, to be taxed by the clerk of the court in the time and manner required by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated November 29, 2016, at Denver, Colorado.

                                          **BY THE COURT:**

                                          */s/ Robert E. Blackburn*
                                          Robert E. Blackburn
                                          United States District Judge